*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GREG LEE WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2020

No. 346898
Monroe Circuit Court
LC No. 18-244579-FH

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction for possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 24 to 180 months' imprisonment. We affirm.

## I. BACKGROUND

Defendant was arrested during a traffic stop by Trooper Daniel Drewyor. He was the passenger in the vehicle. Defendant was handcuffed and placed in the front passenger seat of the patrol car, per standard procedure. The driver of the vehicle in which defendant was riding was also arrested; he was placed in the rear passenger seat. Prior to placing defendant in the car, Trooper Drewyor conducted a cursory pat down of defendant but defendant was wearing "a very thick winter coat," similar to a "Carhart." After defendant was taken to jail, Trooper Drewyor conducted a search of his patrol vehicle. He found "a metal crack pipe and also a needle, a syringe" in the crevice between the front passenger seat and the backrest of the seat. Trooper Drewyor inspected the metal pipe and there was a white, powdery substance on the pipe. Because of his training and experience, Trooper Drewyor believed it was used for the consumption of crack cocaine. Trooper Drewyor testified that he searched his vehicle at the beginning of his shift on the day of defendant's arrest and the pipe and syringe were not in the vehicle. Defendant was the first person to be in Trooper Drewyor's patrol vehicle on that day.

When Trooper Drewyor found the pipe and syringe, he held them in his hand, stood up, and looked at defendant. Defendant looked at the items in Drewyor's hand and said, "I'm going back to f******g prison anyway," or "something to that effect." Trooper Drewyor did not

question defendant. Trooper Drewyor testified that, as defendant turned and began walking into the jail, "it became clear that [defendant] wasn't going to speak to me about the item anyhow." The jury found defendant guilty of one count of possession of less than 25 grams of cocaine.

## II. ANALYSIS

On appeal, defendant argues that there was insufficient evidence at trial to convict him, and that he received ineffective assistance of counsel. We disagree with both arguments.

## A. INSUFFICIENT EVIDENCE

Defendant first argues that there was insufficient evidence to convict him of possession of less than 25 grams of cocaine. We disagree.

## 1. STANDARD OF REVIEW

This Court reviews a claim of insufficient evidence de novo, and in the light most favorable to the prosecution, to determine whether a trier of fact could have found that all elements of the charged offense were proved beyond a reasonable doubt. *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007). Circumstantial evidence and all reasonable inferences drawn from it may be used to prove the elements of a crime. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). All conflicts in evidence are resolved in favor of the prosecution. *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016). Further, "this Court must not interfere with the jury's role as the sole judge of the facts." *People v Meshell*, 265 Mich App 616, 619; 696 NW2d 754 (2005).

## 2. APPLICABLE LAW

MCL 333.7403(1) provides that a "person shall not knowingly or intentionally possess a controlled substance[.]" Cocaine is considered a controlled substance. MCL 333.7214(a)(*iv*). Defendant was found guilty under MCL 333.7403(2)(a)(*v*), the elements of which include that he knowingly or intentionally possessed cocaine which weighed less than 25 grams. See MCL 333.7403(2)(a)(*v*). Here, contrary to defendant's argument, there was sufficient evidence presented to allow a jury to conclude that he knowingly or intentionally possessed less than 25 grams of cocaine when he was arrested.

At trial, the prosecutor asserted that defendant had the pipe and syringe stuck up his coat sleeve and, while sitting in the patrol car, he slipped them out and tried to hide them in Trooper Drewyor's vehicle. The evidence established that Trooper Drewyor checked his vehicle for any contraband at the start and end of every shift. At the start of his shift on the day defendant was arrested, Trooper Drewyor checked his patrol vehicle and there was no contraband inside. Defendant was the first person in the front passenger seat of the patrol car. Although the driver of the car defendant was riding in prior to his arrest was handcuffed and eventually placed in the backseat, he did not have access to the crevice of the front passenger seat where defendant was seated. Upon arriving at the police station, defendant was removed from the vehicle; then, after conducting another search of the vehicle, per his routine, Trooper Drewyor found the pipe and syringe in the crevice of the front passenger seat.

Defendant argues that because Trooper Drewyor searched him before placing him in the patrol car, a rational finder of fact could not have found that the pipe and syringe came from defendant; thus, there was insufficient evidence to convict him. However, circumstantial evidence and all reasonable inferences drawn from it may be used to prove the elements of a crime. *Bennett*, 290 Mich App at 472. On these facts, the circumstantial evidence of how, when, and where the cocaine was found is sufficient for a rational trier of fact to find, beyond a reasonable doubt, that defendant was knowingly or intentionally in possession of the cocaine when it ended up in the front passenger seat of the patrol vehicle after defendant was placed there. While "a person's presence, by itself, at a location where drugs are found is insufficient to prove constructive possession," *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002) (quotation marks and citation omitted), there is more than mere presence here to establish that defendant possessed the pipe and syringe when he entered Trooper Drewyor's vehicle. Moreover, while defendant challenges the plausibility of the prosecutor's theory, we "must not interfere with the jury's role as the sole judge of the facts." *Meshell*, 265 Mich App at 619.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that he received ineffective assistance of counsel at trial because his attorney failed to seek admission of a dash camera video of defendant's arrest and failed to object to both Trooper Drewyor's testimony about defendant's silence, as well as the prosecution's closing argument. Because none of these instances amounted to his trial counsel performing deficiently under the Sixth Amendment, and because any such alleged deficiencies would not have changed the outcome of the trial, relief is not warranted.

### 1. STANDARD OF REVIEW AND PRESERVATION

A criminal defendant may preserve a claim of ineffective assistance of counsel by requesting a *Ginther* hearing in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009), citing *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). Although defendant requested a *Ginther* hearing, he did so only at the appellate level in his motion to remand, which was denied by this Court. *People v Williams*, unpublished order of the Court of Appeals, entered August 2, 2019 (Docket No. 346898). Therefore, this Court's review is limited to errors apparent on the record. See *Payne*, 285 Mich App at 188.

### 2. APPLICABLE LAW

To succeed on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's error, the result would have been different. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). "Trial counsel is presumed to have been effective, and defendant must prove otherwise." *People v Blevins*, 314 Mich App 339, 351; 886 NW2d 456 (2016). Further, there is a "strong presumption that counsel engaged in sound trial strategy." *People v Horn*, 279 Mich App 31, 40; 755 NW2d 212 (2008). Where "[t]rial counsel's strategy was reasonable in light of Michigan law, [] the strategy's ultimate failure is simply not relevant." *Blevins*, 314 Mich App at 352. Finally, ineffective assistance of counsel cannot be predicated on the "failure to make a futile or meritless objection." *People v Johnson*, 315 Mich App 163, 175; 889 NW2d 513 (2016).

Defendant's first claim of ineffective assistance of counsel is his counsel's failure to seek admission of the dash camera video of defendant's arrest, which defendant contends would have undermined Trooper Drewyor's testimony. However, because the video was not presented as part of the lower court record, and our review is limited to mistakes apparent on the record, this Court cannot consider the contents of the video.[1] Counsel is presumed to have engaged in sound trial strategy and defendant has failed to overcome that presumption. See *Horn*, 279 Mich App at 40. Accordingly, defendant has not established the factual predicate of his ineffective assistance of counsel claim.

Second, defendant argues that trial counsel was ineffective for failing to object to Trooper Drewyor's testimony that he did not believe defendant was going to talk to him about what he found in the vehicle. Trooper Drewyor testified that he found the pipe, looked at defendant, defendant said that he was going to prison anyway, then Trooper Drewyor testified that he did not ask defendant about the contraband because he did not believe defendant was going to talk to him about it. Defendant now claims that his trial counsel was ineffective for failing to object to Trooper Drewyor's testimony that defendant was not going to talk to him because his postarrest silence, or, his right to remain to silent, was used against him and violated his due process rights.

"If [] custodial interrogation is not preceded by an adequate [*Miranda*] warning, statements made during the custodial interrogation may not be introduced into evidence at the accused's criminal trial." *People v Elliott*, 494 Mich 292, 301; 833 NW2d 284 (2013), citing *Miranda v Arizona*, 384 US 436, 444-445; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Further, "if a person remains silent after being arrested and given *Miranda* warnings, that silence may not be used as evidence against that person." *People v Shafier*, 483 Mich 205, 212; 768 NW2d 305 (2009). But a defendant's silence, outside of interrogation and where *Miranda* warnings have not yet been given, is not protected and may be admitted as evidence. *People v Schollaert*, 194 Mich App 158, 166-167; 486 NW2d 312 (1992).

Here, defendant was not subject to a custodial interrogation at the time referred to by Trooper Drewyor. While defendant may have been arrested and in handcuffs, he was not questioned at all—Trooper Drewyor testified that when he found the pipe in the vehicle, he stood up and made eye contact with defendant, without saying anything to him. Even if, as defendant claims, Trooper Drewyor suspected that defendant was invoking his right to remain silent, his right did not attach at that point as no custodial interrogation was taking place. There is nothing to suggest that defendant was subject to a custodial interrogation or that his silence was in reliance on *Miranda*; there is no evidence in the record that defendant's *Miranda* rights had been read to him at that point. See *Schollaert*, 194 Mich App at 165. Moreover, any assertion by defendant of his right to remain silent was not unequivocal. See *People v Henry (After Remand)*, 305 Mich App 127, 145; 854 NW2d 114 (2014). Ineffective assistance of counsel cannot be predicated on the "failure to make a futile or meritless objection." *Johnson*, 315 Mich App at 175. Thus, this claim is without merit.

---

[1] A motion to remand was denied by this Court without prejudice. The video presented, however, was a grainy recording showing two men in large coats.

Finally, defendant argues that trial counsel was ineffective by failing to object to the prosecution's closing statement, asserting that the prosecution improperly attempted to shift the burden of proof to defendant. "A prosecutor may not imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). "However, a prosecutor's argument that inculpatory evidence is undisputed does not constitute improper comment." *Id*. at 464. Finally, "[a] prosecutor may also argue that the evidence was uncontradicted even if the defendant is the only person who could have contradicted the evidence." *Id*.

Here, the statements that defendant argues his trial counsel should have objected to, which were made during rebuttal to defendant's closing argument, included, "[t]he defendant implores you not to speculate, but isn't that what he just asked you to do; speculate even though there's no evidence that supports his position?" In *Fyda*, the prosecution stated in its closing argument:

> How much time did the defense defend what the defendant did? You never heard any argument during closing argument that, gees, defendant never presented a gun. Defendant never asked [the officer] to murder his wife. My client never provided the pictures. You never heard any of that. There's been no defense to the crime itself. Only the defenses of distraction. [*Fyda*, 288 Mich App at 463.]

There, this Court held that those statements, while "[a]ttacking the credibility of the theory advanced by [the defendant,] did not shift the burden of proof" and were not improper. *Id*. at 464. Further, "[t]he prosecution's statements were proper commentary on the weaknesses of [the defendant's] theory of defense and did not constitute prosecutorial misconduct." *Id*. at 464-465. Similarly, here, the prosecution did not overstep in its commentary on the weakness of defendant's theory at trial. And even if the comments were improper, any such error does not warrant reversal where the prosecutor's comments were in rebuttal to defense counsel's closing argument. See *People v Watson*, 245 Mich App 572, 592-593; 629 NW2d 411 (2001). In summary, defendant has not established that his trial counsel's performance fell below an objective standard of reasonableness and a reasonable probability exists that, but for his counsel's alleged errors, the outcome of the trial would have been different. See *Jordan*, 275 Mich App at 667.

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-5-